Jiang v. Holder

BIA
Balasquide, IJ
A087 467 425

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand fourteen.

PRESENT:
> JON O. NEWMAN,
> PIERRE N. LEVAL,
> GERARD E. LYNCH,
> *Circuit Judges.*

———————————————————————

RONG JIANG,
> *Petitioner*,

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

12-4888
NAC

———————————————————————

FOR PETITIONER:     Dehai Zhang, Flushing, New York.

FOR RESPONDENT:     Stuart F. Delery, Acting Assistant Attorney General; Jennifer L. Lightbody, Senior Litigation Counsel; Kiley L. Kane, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and GRANTED in part, the decision of the BIA is VACATED insofar as the petition is granted, and the case is REMANDED for further proceedings consistent with this decision.

Petitioner Rong Jiang, a native and citizen of China, seeks review of a November 19, 2012 decision of the BIA affirming a January 24, 2011 decision of Immigration Judge ("IJ") Javier Balasquide, denying Jiang's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT").  In re Rong Jiang, No. A087 467 425 (B.I.A. Nov. 19, 2012), aff'g No. A087 467 425 (Immig. Ct. N.Y. City Jan. 24, 2011).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

2

As an initial matter, although Jiang challenges the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, we nonetheless have jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. See Kanacevic v. INS, 448 F.3d 129, 134 (2d Cir. 2006). Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. See Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 522 (2d Cir. 2005). The BIA affirmed the IJ's adverse credibility finding and did not reach the IJ's alternate findings that even if Jiang was credible, her petition was untimely and she failed to satisfy her burden of proof on her asylum and withholding of removal claims. Accordingly, the IJ's alternate findings are not before us. We review the IJ's factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Zhou Yun Zhang v. INS, 386 F.3d 66, 73 (2d Cir. 2004). Nonetheless, we may vacate the agency's decision and remand if the agency has committed substantial errors, and we cannot state with confidence that the agency would have made the same decision in the absence of the errors. See Xiao Ji Chen v. U.S Dep't of Justice, 434 F.3d 144, 159 (2d Cir. 2006); Cao He Lin v. U.S. Dep't of Justice, 428 F.3d 391, 401-02 (2d Cir. 2005).

3

The IJ denied Jiang's petition on the ground that her testimony was not credible. Because the IJ's adverse credibility determination was based on a mischaracterization of the record and flawed reasoning this determination does not support the denial of Jiang's petition. See Zhi Wei Pang v. Bureau of Citizenship and Immigration Servs., 448 F.3d 102, 107 (2d Cir. 2006); Zhou Yun Zhang, 386 F.3d at 74 ("[O]ur review is meant to ensure that credibility findings are based upon neither a misstatement of the facts in the record nor bald speculation or caprice."). For example, the IJ inaccurately stated that Jiang "indicated that she and [her] witness attended church services for two weeks in a row," leading him to conclude that Jiang's testimony was "obviously . . . inconsistent with the witness testimony." CAR 16 (emphasis added). In fact, however, Jiang merely testified that she saw her witness at church the past two Sundays, CAR 108 (emphasis added), while her witness testified that she had not attended services the Sunday before last, but that she had gone to the church later in the day to pray. CAR 120-21. These statements are not inconsistent, let alone obviously so, and the IJ erred in basing his credibility determination on a misconstruction of this testimony. Although the IJ additionally based his adverse credibility determination on the fact that Jiang presented witnesses who

4

impeached each other, we cannot state with confidence that the IJ would have still reached the same conclusion about Jiang's credibility had he not made the error in reasoning we have identified. That is particularly the case because the IJ declined to decide which of petitioner's witnesses testified truthfully about whether one witness had been paid to testify at the other witness's merits hearing, and absent such a determination it would be unclear what impact the witnesses' contradictory testimony on a matter not material to Jiang's claims should have on Jiang's own credibility.

With respect to petitioner's application for relief under CAT, the IJ concluded that even if petitioner's testimony was credited, Jiang had failed to prove that it is more likely than not that she would be tortured if removed to China. 8 C.F.R. § 208.16(c)(2). The BIA affirmed this aspect of the IJ's decision. Because Jiang failed to contest the agency's finding with respect to her CAT claim in her brief to this Court, any challenge to the agency's resolution of that claim is deemed waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n.1, 546 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED in part and GRANTED in part, the decision of the BIA is VACATED insofar as the petition is

granted, and the case is REMANDED for further proceedings consistent with this

decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk